**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | |
|---|---|
| ADAMS COMMUNICATION & ENGINEERING TECHNOLOGY, INC., ) ) ) Plaintiff, ) ) v. ) ) AEROVATION, INC., ) ) Defendant. ) ) | Case No.: 8:19-cv-03131-GLS |

## **AEROVATION, INC.'S ANSWER TO COMPLAINT**

Defendant Aerovation, Inc. ("Defendant"), by and through its undersigned counsel, Shulman, Rogers, Gandal, Pordy & Ecker, P.A., files this Answer and affirmative defenses to the Complaint of Plaintiff Adams Communication & Engineering Technology, Inc. ("Plaintiff") and states as follows:

### **As to Parties**

1. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph; therefore, they are denied.

2. Admitted in part and denied in part. Defendant admits that it is an Arizona corporation. Defendant further states that its principal place of business is located at 7005 S. Plumer Avenue, Tucson, Arizona 85756. Defendant denies the remaining allegations.

### **As to Jurisdiction and Venue**

3. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

4. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

5.      The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

6.      The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## As to Factual Background

7.      Admitted in part and denied in part. Defendant admits that it entered into Subcontract Agreement # 2015-AERO-001 with Plaintiff (the "Subcontract Agreement") on or around October 9, 2015. Defendant further states that it entered into a modification of the Subcontract Agreement in 2017 (the "Modification"). The remaining allegations are denied.

8.      Section I.3 of the Subcontract Agreement is a writing that speaks for itself, and Defendant denies any interpretations of the writing that are inconsistent with its terms.

9.      The Subcontract Agreement is a writing that speaks for itself, and Defendant denies any interpretations of the writing that are inconsistent with its terms.

10.     Section I.5.3.3 of the Subcontract Agreement is a writing that speaks for itself, and Defendant denies any interpretations of the writing that are inconsistent with its terms.

11.     The Subcontract Agreement is a writing that speaks for itself, and Defendant denies any interpretations of the writing that are inconsistent with its terms.

12.     Admitted.

13.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph; therefore, they are denied.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph; therefore, they are denied.

15. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph; therefore, they are denied.

16. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph; therefore, they are denied.

17. Defendant admits receiving the communication described in this paragraph. Defendant denies the remaining allegations.

18. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph; therefore, they are denied.

19. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph; therefore, they are denied.

20. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph; therefore, they are denied.

21. The allegations in this paragraph reference a writing that speaks for itself, and Defendant denies any interpretations of the writing that are inconsistent with its terms.

22. Defendant admits receiving the communication described in this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations; therefore, they are denied.

23. Admitted.

24. To the extent the allegations contained in this paragraph relate to Defendant, they are denied. As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the allegations; therefore, they are denied.

25. To the extent the allegations contained in this paragraph relate to Defendant, they are denied. As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the allegations; therefore, they are denied.

26. Denied.

27. Denied.

28. Denied.

29. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph; therefore, they are denied.

### As to COUNT I
**(Breach of Contract)**

30. Defendant reasserts and incorporates by reference its responses to the allegations contained in paragraphs 1—29.

31. The Subcontract Agreement is a writing that speaks for itself, and Defendant denies any interpretations of the writing that are inconsistent with its terms.

32. The Subcontract Agreement is a writing that speaks for itself, and Defendant denies any interpretations of the writing that are inconsistent with its terms.

33. Denied.

34. Denied.

35. Denied.

This is a prayer for relief to which no response is required. To the extent that a response is required, Defendant denies the allegations, denies any liability, and denies that Plaintiff is entitled to any such relief.

## As to COUNT II
**(Negligence)**

36. Defendant reasserts and incorporates by reference its responses to the allegations contained in paragraphs 1—29.

37. Denied.

38. Denied.

This is a prayer for relief to which no response is required. To the extent that a response is required, Defendant denies the allegations, denies any liability, and denies that Plaintiff is entitled to any such relief.

## As to COUNT III
**(Indemnification)**

39. Defendant reasserts and incorporates by reference its responses to the allegations contained in paragraphs 1—29.

40. Section I.15.1 of the Subcontract Agreement is a writing that speaks for itself, and Defendant denies any interpretations of the writing that are inconsistent with its terms.

41. Admitted in part and denied in part. Defendant admits that it has refused to defend or indemnify Plaintiff, but it denies that it had any obligation to do so. Defendant further denies the remaining allegations.

42. Denied.

This is a prayer for relief to which no response is required. To the extent that a response is required, Defendant denies the allegations, denies any liability, and denies that Plaintiff is entitled to any such relief.

## **AFFIRAMTIVE DEFENSES**

### **FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

### **SECOND DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations.

### **THIRD DEFENSE**

Plaintiff's claims are barred by its own negligence, contributory negligence, and/or comparative fault.

### **FOURTH DEFENSE**

Plaintiff's claims are barred by its own breach of contract.

### **FIFTH DEFENSE**

Plaintiff's claims are barred by the doctrine of partial performance.

### **SIXTH DEFENSE**

Plaintiff's damages are barred in full or in part by its failure to mitigate damages.

### **SEVENTH DEFENSE**

Plaintiff's claims are barred by the lack of sufficient notice.

### **EIGHTH DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands.

### **NINTH DEFENSE**

Plaintiff's claims are barred by the doctrines of estoppel and waiver.

### **TENTH DEFENSE**

Plaintiff's claims are barred by release.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by lack of causal connection.

## TWELFTH DEFENSE

Plaintiff's claims are barred to the extent they arise from the actions of a third party.

## THIRTEENTH DEFENSE

Plaintiff's damages, if any, were not caused by Defendant, but by another person or entity for whom Defendant is not responsible.

## FOURTEENTH DEFENSE

Defendant demands strict proof of all elements of liability, injury, causation, and damages.

Defendant reserves the right to amend or supplement this Answer and these affirmative defenses as additional information becomes available through further investigation and discovery.

WHEREFORE, having answered Plaintiff's Complaint in full, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and award Defendant its costs and fees, in addition to such other and further relief as deemed appropriate by the Court.

Respectfully submitted,

SHULMAN, ROGERS, GANDAL,
    PORDY & ECKER, P.A.

/s/
_____
Glenn C. Etelson, Bar No. 06760
12505 Park Potomac Avenue
Sixth Floor
Potomac, MD  20854
(301) 231-0956
(301) 230-2891
getelson@shulmanrogers.com

Lane Hornfeck, Bar No. 20549
12505 Park Potomac Avenue
Sixth Floor
Potomac, MD  20854
(301) 945-9276
(301) 230-2891
lhornfeck@shulmanrogers.com

*ATTORNEYS FOR DEFENDANT*
*AEROVATION, INC.*

**CERTIFICATE OF SERVICE**

  I hereby certify that, on this 18th day of December 2019, the foregoing was served on all counsel of record via the Court's electronic filing system.

                        /s/
                     Glenn C. Etelson