

Toyja E. Kelley
Phone: (410) 332-8689
Fax: (410) 332-8195
Toyja.Kelley@saul.com
www.saul.com

February 10, 2020

**VIA ECF**

The Honorable Paul W. Grimm
U.S. District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

    Re:    **Adams Commc'n & Eng'g Tech., Inc. v. Aerovation, Inc.**
            Civil Action No. 19-cv-03131-PWG

Dear Judge Grimm:

    Please accept this letter as Adams Communication & Engineering Technology, Inc.'s ("ACET") opposition to Defendant Aerovation, Inc.'s letter motion requesting to transfer. For the following reasons, Aerovation's motion to transfer fails as a matter of law and in fact.

I.   ACET's Choice to Resolve this Dispute in Maryland is Entitled to Substantial Consideration

    The United States Supreme Court, the Fourth Circuit, and this District Court have all afforded significant weight to parties' freely negotiated choice of forum for resolving their disputes. In the Subcontract[1] at issue in this litigation the parties agreed that:

> **I.17.3 Agreement Disputes**. **Any dispute** between the Subcontractor and ACET where the resolution does not depend upon a ruling or interpretation by the Government or its courts, and is not subject to the Disputes clause set forth in the ACET R23G Prime Contract, **may be initiated in any court of competent jurisdiction within the State of Maryland, and shall be subject to the laws of the State of Maryland**, notwithstanding its conflicts of laws provisions. (emphasis added)

The Supreme Court in *Steward Organization, Inc. v. Ricoh Corp.*, 108 S.Ct. 2239, 2244 (1988) recognized that the presence of a forum selection clause "will be a **significant factor** that figures centrally in the district court's calculus." *Id.* (explaining that the District Court must weigh the convenience of a forum, given the parties' expressed preference; and the fairness of transfer in

---

[1] The complete Subcontract is attached and incorporated as Exhibit 1 in ACET's Complaint.

500 E. Pratt Street ♦ Suite 900 ♦ Baltimore, MD 21202-3133
Phone: (410) 332-8600 ♦ Fax: (410) 332-8862

36547547.3 02/10/2020 DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

light of the forum selection clause and the parties' bargaining power) (emphasis added). *See also Allfirst Bank v. Progress Rail Services Corp.*, 178 F. Supp. 2d 513, 518 (D. Md. 2001) (explaining that a forum selection clause is an implicit agreement between the parties that a particular venue is convenient). A plaintiff's chosen venue is entitled to "substantial weight." *CareFirst, Inc. v. Taylor*, 235 F. Supp. 3d 724, 733 (D. Md. 2017). And ACET's choice to file this action in the District of Maryland is consistent with the parties' intent and deserving of substantial consideration should this Court weigh the merits of Aerovation's motion to transfer. For that reason, Aerovation's motion to transfer should fail.

## II. Aerovation Has Not Met Its Burden to Show that Transfer is Proper

In a motion to transfer venue, the burden is on the moving party to show that transfer to another forum is proper. *Mamani v. Bustamante*, 547 F. Supp. 2d 465, 469 (D. Md. 2008). In determining whether Aerovation has met its burden, your Honor is to consider the following factors: (1) the weight accorded to ACET's choice of forum; (2) witness convenience and access; (3) convenience of the parties; and (4) the interests of justice. *Cross v. Fleet Reserve Ass'n Pension Plan*, 383 F. Supp. 2d 852, 856 (D. Md. 2005). However, unless the balance of factors "is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Collins v. Straight Inc.*, 748 F. 2d 916, 921 (4th Cir. 1984). In this case, the balance of the factors are not strongly in Aerovation's favor, but rather, they tip substantially in favor of ACET's choice of forum.

As noted, the parties are sophisticated commercial entities that freely negotiated an agreement in which they recognized Maryland as a convenient venue for resolving disputes. Aerovation's argument, that many witness are located in Arizona, is not sufficient to overcome its own decision to recognize Maryland is a convenient venue for resolving disputes under the Subcontract. Furthermore, Aerovation, ignores the fact that other key witnesses not located in Arizona, such as personnel from the United States Army, would similarly be required to travel if this case was transferred. Aerovation's argument that witnesses may be burdened by having to travel is, at best, a neutral factor considering that other important witnesses would be required to travel to Arizona should this matter be transferred to that District.

In any event, Aerovation's conclusory affidavit from its President in support of their motion is not sufficient to establish that witness may be inconvenienced at all. The affidavit only mentions the "burden" on witnesses who would have to "travel" to Maryland. *See* Finn Declaration. This Court has recognized that a party seeking a change of venue is required to submit affidavits from the witnesses and/or parties involved containing a detailed explanation as to what extent the witness will be inconvenienced by having to travel to Maryland. *Helsel v. Tishman Realty & Construction Co., Inc.*, 198 F. Supp. 2d 710, 712 (D. Md. 2002) (citing *Figgie Intern., Inc. v. Destileria Serralles, Inc.*, 925 F. Supp. 411, 414 (D.S.C. 1996). Having failed to provide such detailed affidavits, Aerovation has not established that **ANY** witnesses would be inconvenienced should this case remain in Maryland.

Lastly, the interest of justice does not weigh in favor of Arizona. The interest of justice is served by enforcing the parties' forum-selection clause, as this protects the parties' legitimate

expectations in entering the Subcontract. *See Tech USA*, *Inc*. *v. Evans*,. 592 F. Supp. 2d 852, 855 (D. Md. 2009) (recognizing that the interests of justice would be served by enforcing the parties' forum-selection clause, rather than transferring Maryland employer's breach of contract suit against Texas employee from Maryland to Northern District of Texas where material witnesses resided in both Maryland and Texas).

### III.  Court Has Discretion to Deny Motion to Transfer

The decision whether to transfer venue is committed to the sound discretion of the trial court. *See Brock v. Entre Computer Centers, Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991). For all of the aforementioned reasons, this Court should exercise its discretion and deny Aerovation's motion to transfer.

Very truly yours,

Toyja E. Kelley

TEK/ds

cc:   All Counsel of Record (via ECF)