IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| ADAMS COMMUNICATION & ENGINEERING TECHNOLOGY, INC., | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG 19-cv-3131 |
| AEROVATION, INC., | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM & ORDER**

Adams Communication & Engineering Technology, Inc. ("Adams") filed suit against Aerovation, Inc. alleging breach of contract, negligence, and indemnification, related to a subcontract agreement between the companies to complete specified structural modifications on four Army aircraft in Tucson, Arizona.[1]  Compl., ECF No. 1; Subcontract Agmt., ECF No. 1-1. Adams, a Delaware company operating in Waldorf, Maryland, held the prime government contract with the Army.  *Id.*  It subcontracted with Aerovation, an Arizona company, to perform the work on the aircraft subject to inspection by the Army.  *Id.*  Adams alleges that the inspection revealed wiring deficiencies in the aircraft that resulted in Adams being required to engage other subcontractors to complete the modifications and repair the damage.  Compl. ¶¶ 19-24.

Aerovation seeks to transfer this action to the District of Arizona pursuant to 28 U.S.C. § 1404(a) on the basis that the subcontract work at issue occurred in Arizona, the repair work at issue was conducted in Arizona, and almost all of the witnesses reside in Arizona.  Mot., ECF No. 19.

---

[1]   In response, Aerovation filed a counterclaim for breach of contract for non-payment.  Countercl., ECF No. 25.

Having reviewed the filings,[2] I find that a hearing is unnecessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons stated herein, Defendant's motion is DENIED.

Congress enacted 28 U.S.C. § 1404(a), which permits a district court to transfer a civil action to another district or division, "'to prevent the waste of time, energy and money as well as to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Topiwala v. Wessell*, No. WDQ-11-543, 2012 WL 122411, at *6 n.21 (D. Md. Jan. 12, 2012) (quoting *Dicken v. United States*, 862 F. Supp. 91, 92 (D. Md. 1994)). Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."

In a motion to transfer venue pursuant to § 1404(a), the moving party bears the burden of showing, by a preponderance of the evidence, that transfer to another venue is proper. *See Costar Realty Info., Inc. v. Meissner*, 604 F. Supp. 2d 757, 770 (D. Md. 2009); *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002). Ultimately, "[t]he decision whether to transfer venue is committed to the sound discretion of the trial court." *Mamani v. Bustamante*, 547 F. Supp. 2d 465, 469 (D. Md. 2008) (citing *Brock v. Entre Computer Centers, Inc.*, 933 F.3d 1253, 1257 (4th Cir. 1991)). In the exercise of its discretion, a court should make "'an individualized, case-by-case consideration of convenience and fairness.'" *United States ex rel. Salomon v. Wolff*, 268 F. Supp.3 d 770, 774 (D. Md. 2017) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

The Court's first consideration is "whether the action could have been brought in the transferee district." *Topiwala*, 2012 WL 122411, at *6. Aerovation asserts, and Adams does not

---

[2] Defendant's Letter Motion to Transfer this Action to the District of Arizona, ECF No. 19, Plaintiff's Response, ECF No. 24, and Defendant's Reply, ECF No. 28.

deny, that Adams could have brought this action in the District of Arizona. Mot. 1-2; Resp. (arguing only that the choice-of-forum clause is afforded significant weight, not that it is dispositive). Therefore, "the Court considers: (1) the weight accorded plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of justice." *Topiwala*, 2012 WL 122411, at \*6 (footnotes omitted). The Court weighs these factors, considering the specific facts of the case "'to determine whether . . . on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *Id.* (quoting *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 632 (E.D. Va. 2006)). The statute does not indicate how much weight the Court should give to each factor. *See Byerson*, 467 F. Supp. 2d at 632; *Topiwala*, 2012 WL 122411, at \*6 n.22. Additionally, a court typically should not transfer a case out of the plaintiff's choice of forum "[u]nless the balance of these factors 'is strongly in favor of the defendant.'" *Id.* (quoting *Collins v. Straight Inc.*, 748 F.2d 916, 921 (4th Cir. 1984) (citation omitted)).

      Although plaintiff's choice of venue typically "is entitled to substantial weight," that is not the case when "the chosen forum has little or no connection to the events giving rise to the litigation." *Holland v. Psychological Assessment Res., Inc.*, No. CCB-04-437, 2004 WL 964201, at \*4 (D. Md. Apr. 27, 2004). "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 63 (2013) (quoting *Stewart*, 487 U.S. at 31). If the parties' agreement as to the most proper forum is mandatory, making the forum exclusive, the forum selection clause "[should be] given controlling weight in all but the most exceptional cases." *Id.* But not all forum-selection clauses are mandatory. The Fourth Circuit has recognized that "an agreement *conferring* jurisdiction in

3

one forum will not be interpreted as *excluding* jurisdiction elsewhere unless it contains specific language of exclusion." *IntraComm, Inc. v. Bajaj*, 492 F.3d 285, 290 (4th Cir. 2007) (quoting *John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imps. & Distribs. Inc.*, 22 F. 3d 51, 53 (2d Cir. 1994)). A permissive forum-selection clause is sometimes referred to as a "consent to jurisdiction" clause, which in effect, waives any objection to personal jurisdiction in a venue. *See S & D Coffee, Inc. v. GEI Autowrappers*, 995 F. Supp. 607, 609 (M.D.N.C. 1997). While not given controlling weight, when the plaintiff's choice of forum coincides with the forum designated in the forum selection clause, as it does here,[3] it certainly adds weight to the plaintiff's selection of forum, since it evidences the defendant's agreement to the convenience of the venue. The selected forum is also Adams' home forum, which adds weight to Adams' choice to bring suit here. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430 (2007) (noting that "[w]hen the plaintiff's choice is not its home forum, . . . the presumption in the plaintiff's favor 'applies with less force,' for the assumption that the chosen forum is appropriate is in such cases 'less reasonable.'" (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 236 (1981). Therefore, I will give Adam's choice of forum considerable weight.

Witness convenience and access is "perhaps the most important factor" to be considered. *Mamani*, 547 F. Supp. 2d at 473 (quoting *Cronos Containers, Ltd. v. Amazon Lines, Ltd.*, 121 F. Supp. 2d 461, 466 (D. Md. 2000)); *see also* 15 C. Wright & Miller, Fed. Practice & Procedure § 3851 (4th ed.) ("Wright & Miller") ("The convenience of witnesses, particularly nonparty witnesses important to the resolution of the case, is often cited as the most significant factor in

---

[3] Adams does not contend that the forum selection clause is mandatory but argues that it should be given substantial consideration. Resp. 1. The relevant wording of the clause at issue here is: "Any dispute . . . may be initiated in any court of competent jurisdiction within the State of Maryland, and shall be subject to the laws of the State of Maryland . . . ." Subcontract Agmt. § I.17.3, ECF No. 1-1.

ruling on a motion to transfer under 28 U.S.C.A. § 1404(a)."). Aerovation asserts that because the events at issue occurred in Arizona, almost all of the witnesses knowledgeable about those events reside in Arizona. Mot. 1, 3. Aerovation's president declared that Aerovation identified more than 20 current and former employees who may have knowledge of the facts relating to the allegations in Adams' Complaint, each of them reside in Arizona, business operations would be disrupted if employee witnesses were required to travel to Maryland for depositions or trial, former employees would be substantially burdened by traveling to Maryland, and the additional modification work was performed in Arizona by a third party. Finn. Decl., ECF No. 19-1. The third party is not identified.

In response, Adams notes that there are other important witnesses, such as personnel from the United States Army, not located in Arizona, who would similarly be required to travel if the case was transferred. Resp. 2. Adams argues that Aerovation's affidavit is insufficient to establish hardship. *Id.* (citing *Helsel v. Tishman Realty & Construction Co., Inc.*, 198 F. Supp. 2d 710, 712 (D. Md. 2002)). The *Helsel* court found a conclusory affidavit insufficient to satisfy the defendant's burden of proof, stating that a party seeking to change venue must submit "'affidavits from the witnesses and/or parties involved' [that contain] information detailing to the court 'why or to what extent he or she will be inconvenienced by . . . allowing the case to remain in the district where it was brought.'" 198 F. Supp. 2d at 712 (quoting *Figgie Int'l, Inc. v. Destileria Serralles, Inc.*, 925 F. Supp. 411, 414 (D.S.C. 1996)). Although witness convenience is an important factor, this case is distinguishable from *Cronos*, cited by Aerovation, because neither party in *Cronos* had a connection to Maryland, no witnesses were in Maryland, and the case was not subject to Maryland law. *See* 121 F. Supp. 2d at 466. Here, there will be some inconvenience of witnesses regardless of venue, although neither party has identified the location for potential third-party

5

witnesses, and the burden is not on Adams to show that the military personnel are not located in Arizona.[4] Therefore, while this factor weighs in Aerovation's favor, it does not weigh heavily in its favor.

With regard to the parties' convenience, "[a] defendant moving for transfer must show both that the original forum is inconvenient for it and that the plaintiff would not be substantially inconvenienced by a transfer." Wright & Miller § 3849. Aerovation argues that litigating in Maryland will "substantially disrupt Aerovation's business operations" because travel is long, expensive, and would require employees to take time off work. Mot. 3. Adams notes that Aerovation did freely negotiate an agreement that recognized Maryland as a convenient venue. Resp. 2. Aerovation does not make a showing that Adams will not be inconvenienced if the case is transferred. There is no value to simply shifting the inconvenience. *See Pinpoint IT Servs., L.L.C. v. Atlas IT Export Corp.*, 812 F. Supp. 2d 710, 721 (E.D. Va. 2011) ("[A] transfer of venue that merely switches the inconvenience from one party to the other generally will be refused."). Further, as we have learned in recent months with all parties dealing with the impacts of the COVID-19 pandemic, parties can mitigate inconvenience factors to both sides through use of video depositions, and, should this case actually proceed to trial, inconvenience to witnesses located in other states may be mitigated by taking *de bene esse* depositions for use as trial testimony, or by having remote witnesses testify by "contemporaneous transmission from different locations." Fed. R. Civ. P. 43(a).

Finally, the interest of justice should "'encompass all those factors bearing on transfer that are unrelated to convenience of witnesses and parties.'" *Topiwala*, 2012 WL 122411, at *7

---

[4] In its Reply, Aerovation argued that I should not give any credence to Adams' argument related to military personnel, saying only that "it is unlikely that the relevant military personnel are stationed" somewhere other than Arizona. Reply 2.

(footnote omitted) (quoting *Cross v. Fleet Reserve Ass'n Pension Plan*, 383 F. Supp. 2d 852, 857 (D. Md. 2005) (citation omitted)). Additional factors that courts consider are the pendency of a related action, the court's familiarity with the applicable law, docket conditions, and the ability to join other parties. *See Bd. of Trustees v. Baylor Heating & Air Conditioning*, 702 F. Supp. 1253, 1260 (E.D. Va. 1988). I must "weigh the impelling need for efficiency in the administration of our court system against the right of [the plaintiff] to continue the trial in a forum [it chose]." *General Tire & Rubber Co. v. Watkins*, 373 F.2d 361, 368 (4th Cir. 1967). This factor tips the scale toward transfer if "'the proposed transfer will . . . better promote the interests of justice.'" *Strategene v. Parsons Behle & Latimer*, 315 F. Supp. 2d 765, 771 (D. Md. 2004) (citation omitted). Aerovation notes only one consideration—that the parties may need to inspect the work done on the planes in order to resolve this case, and the logistics of such an inspection would be easier if the case were in Arizona. Mot. 3 (citing *Choice Hotels Int'l., Inc. v. Madison Three, Inc.*, 23 F. Supp. 2d 617, 622 (D. Md. 1998) and *Dicken*, 862 F. Supp. at 93). Adams notes that the interest of justice is best served by enforcing the forum-selection clause. Resp. 2-3. Both of these considerations—parties' convenience and weight accorded plaintiff's choice of venue—have already been discussed. Neither party has identified issues typically reviewed under this factor, such as docket congestion or speed to trial, related litigation, community interests, or familiarity with the applicable law. I note that Maryland law applies to this case. Subcontract Agmt. § I.17.3. This factor is probably best viewed as neutral.

In sum, I conclude that the balance of factors does not weigh in favor of transferring this case to Arizona. For the reasons discussed, I have accorded considerable weight to Adams' choice of forum, and Aerovation has not met its burden to counter that weight on the basis of convenience

7

to witnesses or parties. It certainly has not tilted the balance strongly in its favor. Therefore, Defendant's request to transfer this case shall be DENIED.

## ORDER

For the foregoing reasons, it is, this 25th day of June, 2020, hereby ORDERED that Defendant's Letter Motion to Transfer this Action to the District of Arizona (ECF No. 19) is DENIED.

_____/S/_____
Paul W. Grimm
United States District Judge